IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:15CR00038 |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **SCOTT STEWARD CAMMORTO,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Kevin L. Jayne, Special Assistant United States Attorney, Abingdon, Virginia, for the United States; Brian J. Beck, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

In connection with sentencing, the defendant in this criminal case has filed objections to the Presentence Investigation Report ("PSR") pursuant to Federal Rule of Criminal Procedure 32(f). He contends that the PSR misstates his Base Offense Level. A hearing was held on the objections. For the reasons stated below, I conclude that the PSR correctly states the Base Offense Level, and I will overrule the objections.

I.

On December 1, 2015, the defendant, Scott Steward Cammorto, pled guilty without a plea agreement to one count of Failure to Register as a Sex Offender in violation of 18 U.S.C. § 2250. His underlying sex offense occurred in Georgia in

1998.  For that conduct, he pled guilty to the Georgia crimes of aggravated assault, rape, and kidnapping with bodily injury.

The Sentencing Guidelines explain that the Base Offense Level for Failure to Register as a Sex Offender depends on whether the underlying predicate offense renders the defendant a Tier I, Tier II, or Tier III sex offender.  U.S. Sentencing Guidelines Manual ("USSG") § 2A3.5 (2015).  A Tier III offender is a sex offender whose offense of conviction is punishable by imprisonment for more than one year and

> (A) is comparable to or more severe than the following offenses, or an attempt or conspiracy to commit such an offense:
>
> > (i) aggravated sexual abuse or sexual abuse (as described in sections 2241 and 2242 of Title 18); or
>
> > (ii) abusive sexual contact (as described in section 2244 of Title 18) against a minor who has not attained the age of 13 years.

42 U.S.C. § 16911(4)(A)(i), (ii).[1]

A sex offender is a Tier II offender if the sex offense was committed against a minor and meets certain other criteria.  42 U.S.C. § 16911(3).  Neither party contends that Cammorto is a Tier II sex offender.  A Tier I sex offender is "a sex offender other than a tier II or tier III sex offender."  42 U.S.C. § 16911(2).  In

---

[1] There are two other comparable offenses listed that do not apply in this case.  *See* 42 U.S.C. § 16911(4)(B), (C).

other words, "Tier I is a catch-all provision for all other sex offenders." *United States v. Berry*, 814 F.3d 192, 195 (4th Cir. 2016).

The defendant argues that he is a Tier I offender and not a Tier III offender because under Georgia law, a person can be convicted of rape if he aided or abetted a rape, even if he did not personally commit rape. *See Hendrix v. State*, 238 S.E.2d 56, 57 (Ga. 1977). Therefore, according to the defendant, the predicate offense of rape to which he pled guilty in 1998 is not "comparable to or more severe than . . . aggravated sexual abuse or sexual abuse (as described in sections 2241 and 2242 of Title 18)." 42 U.S.C. § 16911(4)(A)(i). In response, the government argues that the elements of the Georgia offense of rape fit within the elements of aggravated sexual assault under 42 U.S.C. § 16911(4), and thus Cammorto is properly classified as a Tier III offender.

II.

"To determine a defendant's tier classification, courts compare the defendant's prior sex offense conviction with the offenses listed in [the Sex Offender Registration and Notification Act's] tier definitions." *Berry*, 814 F.3d at 195. Generally, courts apply the so-called "categorical approach in assessing whether a defendant's prior conviction constitutes a tier III sex offense under Section 16911(4)(A)." *Id.* at 199. "The categorical approach focuses solely on the relevant offenses' elements, comparing the elements of the prior offense of

3

conviction with the elements of the pertinent federal offense, also referred to as the 'generic' offense." *Id.* at 195. "If the elements of the prior offense 'are the same as, or narrower than,' the offense listed in the federal statute, there is a categorical match." *Id.* (quoting *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013)).

In a narrow class of cases, courts apply a modified categorical approach. The modified categorical approach is appropriate "only when the definition of the offense of conviction 'comprises multiple, alternative versions of the crime.'" *United States v. Hemingway*, 734 F.3d 323, 327-28 (4th Cir. 2013) (quoting *Descamps*, 133 S. Ct. at 2284). Where the modified categorical approach applies, it allows the court to review certain documents for the sole purpose of determining "which of a statute's alternative elements formed the basis of the defendant's prior conviction." *Id.* at 328 (quoting *Descamps*, 133 S. Ct. at 2284)). In applying either the categorical or modified categorical approach to determine the Base Offense Level, the court compares only the elements of the predicate offense and the generic offense. *Id.*

The 1998 version of the Georgia rape statute to which Cammorto pled guilty stated:

> (a) A person commits the offense of rape when he has carnal knowledge of a female forcibly and against her will. Carnal knowledge in rape occurs when there is any penetration of the female sex organ by the male sex organ. The fact that the person allegedly raped is the wife of the defendant shall not be a defense to a charge of rape.

4

Ga. Code Ann. § 16-6-1(a) (Michie 1996). The statute in effect in 1998 did not contain alternative elements.[2] Therefore, the categorical approach applies, and I will determine Cammorto's tier without considering any facts underlying his Georgia conviction.

I must compare the elements of the Georgia rape statute to the generic offenses of aggravated sexual abuse and sexual abuse, as described in 18 U.S.C. §§ 2241, 2242. Essentially, the question is whether a person who committed the predicate offense also necessarily met the elements of the generic offense.

The elements of rape under the Georgia statute are (1) penetration of the female sex organ, (2) by the male sex organ, (3) forcibly, and (4) against the female's will. *See State v. Collins*, 508 S.E.2d 390, 391 (Ga. 1998) (stating that "forcibly" and "against her will" are two separate elements; "against her will" means without consent, and "forcibly" means through the use of acts of physical force, threats of bodily harm or death, or mental coercion).

As is relevant here, a person commits the generic offense of aggravated sexual abuse if he "knowingly causes another person to engage in a sexual act--

(1)  by using force against that other person; or

---

[2] The current version of the Georgia rape statute does contain alternative elements, and the modified categorical approach would be appropriate if Cammorto had been convicted under the statute as it is currently written. *See* Ga. Code Ann. § 16-6-1(a); *Gray v. United States*, 622 F. App'x 788, 791 (11th Cir. 2015) (unpublished).

5

(2) by threatening or placing that other person in fear that any person will be sentenced to death, serious bodily injury, or kidnapping; or attempts to do so."

18 U.S.C. § 2241(a).

The Georgia offense of rape to which Cammorto pled guilty is narrower than the generic offense of aggravated sexual abuse described in § 2241(a). A person who "has carnal knowledge of a female forcibly and against her will" has also "knowingly cause[d] another person to engage in a sexual act . . . by using force against that other person." Ga. Code Ann. § 16-6-1(a) (Michie 1996); 18 U.S.C. § 2241(a).[3] Thus, there is a categorical match.

Cammorto argues that because one can be convicted of rape in Georgia for merely aiding and abetting rape, the Georgia offense of rape is actually broader than the generic offense of aggravated sexual abuse. This argument hinges on the inclusion of the phrase "or an attempt or conspiracy to commit such an offense" in the statutory definition of a Tier III sex offender. 42 U.S.C. § 16911(4)(A). Cammorto argues that the legislature's failure to include any reference to aiding and abetting indicates that the legislature did not consider aiding or abetting sexual abuse or aggravated sexual abuse to be "comparable to or more severe than . . . aggravated sexual abuse or sexual abuse." *See* 42 U.S.C. § 16911(4)(A)(i).

---

[3] Although the applicable Georgia statute does not expressly require a knowing mental state, I find that the word "forcibly" necessarily implies a mens rea of at least knowingly.

6

There are several problems with that argument.  First, under federal criminal law, attempt and conspiracy are both distinct offenses, defined separately from the offenses that are their objects, while aiding and abetting a crime is not a separate offense from the crime.  *See* 18 U.S.C. § 2(a) (providing that anyone who "aids, abets, counsels, commands, induces or procures" the commission of an offense "is punishable as a principal").  Thus, under federal law, aiding and abetting the commission of a crime is always a basis for being convicted of the crime as a principal, just as it was a basis for being convicted of rape in Georgia.  Second, Cammorto did not plead guilty to aiding and abetting rape; he pled guilty to rape.  As explained above, because the categorical approach applies here, I cannot consider the facts or evidence underlying his conviction.

Because the Georgia rape statute to which Cammorto pled guilty in 1998 describes an offense that is comparable to or more severe than aggravated sexual abuse as described in 18 U.S.C. § 2241(a), Cammorto is a Tier III sex offender.  Accordingly, the PSR correctly states that his Base Offense Level is 16.  U.S.S.G. § 2A3.5(a)(1) (2015).

III.

For the foregoing reasons, it is **ORDERED** that the defendant's objections to the PSR (ECF No. 37-1) are OVERRULED.

                        ENTER: April 8, 2016

                        /s/ James P. Jones
                        United States District Judge